**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-00350-CMA-KLM

LUIS OSORIO,

    Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER ADOPTING AND AFFIRMING SEPTEMBER 21, 2009
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (the "Habeas Application"), filed on March 5, 2008 (Doc. # 4) and an earlier-filed Application (Doc. # 2), which contains the same claims. The Application was referred to Magistrate Judge Kristen L. Mix for a Recommendation by a standing Order of Reference dated November 12, 2008 (Doc. # 8). Magistrate Judge Mix issued a Recommendation on June 30, 2009 that the above-referenced Applications be denied. (Doc. # 33 at 1). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b).

## I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed.R.Civ.P. 72(b)(3). An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). According to the Federal Rules of Civil Procedure in effect at the time of the Recommendation's issuance, an objection is timely if made within 10 days after the Magistrate Judge issues his recommendation.[1] An objection is sufficiently specific if it "enables the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). Where no party files proper objections to a recommendation, the Court may review the recommendation for clear error. *See* Fed.R.Civ.P. 72, Advisory Committee Notes (1983 Addition) (citation omitted); *See also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (when there are no objections to a magistrate's recommendation, the court applies whatever standard of review that it deems appropriate).

In the instant case, Applicant filed timely his Objections to Magistrate's Report and Recommendation (Doc. #c34) on July 7, 2009, seven days after the

---

[1] Effective December 1, 2009, parties must file objections within 14 days after being served with a copy of a recommended disposition. Fed.R.Civ.P. 72(b).

Recommendation's issuance. Because Applicant's Objections only concern the Recommendation as it pertains to Claim 3, the Court has performed a *de novo* review of the recommended dismissal of that claim. Because Applicant has not asserted objections in connection with Claims 1 and 2, the Court has reviewed the recommended dismissal of those claims for clear error. For the following reasons, the Court ADOPTS and AFFIRMS Magistrate Judge Mix's Recommendation.

## II.     THE HABEAS APPLICATION AND APPLICANT'S OBJECTIONS TO THE MAGISTRATE'S RECOMMENDATION

The Habeas Application sets forth the following three grounds for relief: (1) the trial court erred when it allowed prejudicial evidence (prior uncharged acts of domestic violence) without a limiting instruction to the jury; (2) there was insufficient evidence to support the "after deliberation" element of the attempted first degree murder charge; and (3) trial counsel was ineffective for failing to properly investigate and offer a proper defense. (Doc. # 4 at 5-6). Respondents conceded that Applicant had exhausted Claims 1 and 2. Upon considering the relevant pleadings, the state court record, and the applicable case law, Magistrate Judge Mix determined that Applicant had only partially exhausted Claim 3. Magistrate Judge Mix further determined that: (1) the trial court's failure to offer a limiting instruction on the prior acts evidence did not deprive Applicant of due process or a fair trial, as alleged in Claim 1; (2) the state appellate court's determination that sufficient evidence supports the "after deliberation" element was not unreasonable or contrary to clearly established law, as alleged in Claim 2; and

(3) Applicant's third claim for ineffective assistance of counsel is without merit. (Doc. # 33 at 12, 15, and 17).

### A. Claims One and Two

In support of his first claim for relief, Applicant contends that the district court violated his due process rights when it allowed the introduction of evidence concerning prior acts of domestic violence and failed to give a limiting instruction to the jury, as per C.R.S. §§ 18-6-801.5, 18-6-801.6 (Doc. # 4 at 5).

Magistrate Judge Mix determined that the state appellate court's assessment of the relevance of prior acts of domestic violence was neither contrary to federal law nor objectively unreasonable. (Doc. # 33 at 11). Such evidence was relevant to show motive. Therefore, the admission of such evidence did not render Applicant's trial fundamentally unfair. (*Id.* at 12).

With respect to the lack of a limiting instruction to the jury, Magistrate Judge Mix noted that federal habeas relief is not available to the extent that Applicant's claim rests on a violation of a Colorado statute. (*Id.*) Magistrate Judge Mix further noted that Applicant failed to demonstrate that the lack of a limiting jury instruction had a "substantial and injurious effect" on the jury's verdict. (*Id.*)

The Court is satisfied that Magistrate Judge Mix's determinations with respect to Applicant's first claim of relief are sound and no clear error on the face of the record exists. The Court agrees that Applicant's first claim of relief should be dismissed.

In support of his second claim for relief, Applicant contends that there was insufficient evidence to support the "after deliberation" element of the attempted first degree murder charge and, therefore, he was deprived of due process and a fair trial. (Doc. # 4 at 6).

Magistrate Judge Mix noted that a state court's determination of a factual issue is presumed to be correct and the applicant must rebut this presumption by clear and convincing evidence. (Doc. # 33 at 13, citing 28 U.S.C. § 2254(e)(1)). Magistrate Judge Mix concluded that Applicant failed to carry his burden and determined that the state appellate court's determination of the evidence's sufficiency was not unreasonable or contrary to clearly established law. (*Id.* at 15). The Court finds that Magistrate Judge Mix's determination is sound and no clear error exists on the face of the record. The Court agrees that Applicant's second claim for relief should be dismissed.

### B. Claim Three

Applicant's third claim for relief consists of two components: first, counsel failed to properly investigate, and second, counsel failed to offer a proper defense. (Doc. # 4 at 6). Because Applicant failed to raise the failure to investigate component in his January 28, 2005 motion for postconviction relief (*Record* v. I at 180), Magistrate Judge Mix correctly concluded that to obtain federal habeas review of this claim, Applicant must show cause for his failure to raise the issue with the state court and demonstrate that he would suffer prejudice if this Court does not consider his claim. (Doc. # 33 at 8);

*see Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  Applicant has failed to demonstrate either cause or prejudice.  Accordingly, the Court will not consider counsel's alleged failure to properly investigate, but will consider counsel's alleged failure to offer a proper defense.  *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) ("On habeas review, this court will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.")

As grounds for his "failure to offer a proper defense" claim, Applicant asserts that he "asked his counsel to pursue a defense other than self defense," which he did not think a jury would find believable in light of the court's intended admission of certain evidence concerning Applicant's prior acts of domestic violence.[2]  (Doc. # 4 at 6; Doc. # 34 at 2).  In his Objection to the Recommendation, Applicant re-asserts that he "strongly disagreed with counsel on the [self-defense] approach" long before trial and that counsel's unwillingness to adopt a "heat of passion" defense amounted to ineffective assistance of counsel.  (Doc. # 34 at 1-2).

In support of his third claim, Applicant cites to *United States v. Cronic*, 466 U.S. 648 (1984), *remanded to* 839 F.2d 1401 (10th Cir. 1988).[3]  As the Supreme Court

---

[2] The prior acts deemed admissible by the trial court are identified in the Recommendation (Doc. # 33 at 9).

[3] In citing to *Cronic*, Applicant identified 2004 as the year the decision was issued and provided the following quote: "Petitioner's counsel so utterly failed to defend against the charges that the trial was the functional equivalent of a guilty plea, rendering counsel's representation presumptively inadequate . . . ."  However, the cited *Cronic* decision is from 1984 and the quoted language appears nowhere in the decision.  Accordingly, Applicant may

noted, "generally no basis [exists] for finding a Sixth Amendment violation unless the accused can show how *specific* errors of counsel undermined the *reliability* of the finding of guilt." *Id.* at 659, n.26 (emphasis added). "An attorney's trial decisions must be based on a proper exercise of judgment based on an adequate knowledge of the facts and be on correct legal grounds." *United States v. Cronic*, 839 F.2d 1401, 1404 (10th Cir. 1988). Further, "[c]ounsel's decisions are presumed to represent sound trial strategy; for counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Lopez v. McKune*, 335 Fed. Appx. 695, 698 (10th Cir. 2009) (internal quotations omitted).

Pursuant to Colorado statute, second degree murder (*i.e.*, knowingly causing the death of a person) is converted from a class 2 to a class 3 felony where "the act causing the death was performed upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the defendant sufficiently to excite an irresistible passion in a reasonable person." C.R.S. § 18-3-103(3)(b)[4]. The downward departure does not occur where "between the provocation and the killing there is an interval sufficient for the voice of reason and humanity to be heard". *Id.* Further, provocation in the guise of heat of passion is not an element of second degree murder. Heat of passion is simply a mitigating factor that reduces the penalty and

---

have intended to cite to a different case. Nevertheless, the Court finds that defense counsel's choice of theory or trial strategy does not amount to ineffective assistance of counsel.

[4] Applicant cited to the pertinent section of the statute as "§ 18-3-1-3 (3)(b)," likely the result of a typographical error.

7

lessens the sentence. *See Frazier v. Brill*, No. 08-cv-00958, 2009 WL 3340222, at *5 (D. Colo. Oct. 15, 2009); *see also People v. Martinez*, 32 P.3d 582, 584 (Colo. Ct. App. 2001). Furthermore, for heat of passion to apply, "the **victim's** actions, taken in the light most favorable to the defendant must have been serious and highly provoking acts". *People v. Ramirez*, 56 P.3d 89, 94 (Colo. 2002) (internal quotations omitted; emphasis added).

As set forth in the record, on the night of the incident leading to Applicant's conviction, Applicant and the victim began to argue soon after the victim arrived at their shared residence to discuss the dissolution of their relationship. Applicant's manner escalated into a fury and rage when the victim received a telephone call from a friend who planned to move into the apartment once Applicant had moved out. Applicant's fury further escalated when the phone rang a second time and the victim pushed Applicant out of the way. *People v. Osorio*, No. 01CA1833 at 2-4 (Colo. Ct. App. May 29, 2003) ("*Osario I*") (unpublished opinion). As Colorado courts have found, such events do not amount to credible evidence of provocation and "[t]he absence of reciprocal feelings cannot justify inexcusable acts of violence". *People v. Ramirez*, 56 P.3d 89, 94-96 (Colo. 2002) (victim's refusal of marriage proposal, demand to leave one's home, and a subsequent push did not amount to provocation that would justify a reasonable person in using violence); *Coston v. People*, 633 P.2d 470, 472-73 (Colo. 1981) (the defendant's jealousy and the victim's attempt to terminate relationship did not constitute adequate provocation); *see also People v. Dooley*, 944 P.2d 590, 595 (Colo.

Ct. App. 1997) (victim's rejection of defendant's affections would not have excited an irresistible passion in a reasonable person). Moreover, the record contains evidence, which suggests the existence of sufficient intervals "for the voice of reason and humanity to be heard." As an example, Applicant paced back and forth between the balcony and the living room when the victim ran toward the balcony. *See Osario I* at 2-4. Therefore, the pursuit of any such "heat of passion" defense likely would not have changed a reasonable jury's verdict and the outcome of the proceedings. For the foregoing reasons, the Court agrees with Magistrate Judge Mix's assessment that Applicant is unable to satisfy the ineffective assistance of counsel standard set forth in *Strickland v. Washington*, 466 U.S. 688, 687 (1984). Applicant has not shown that counsel's actions fell below an objective standard of reasonableness <u>and</u> that, but for counsel's alleged errors, the outcome of the proceedings would have been different. *See Strickland*, 466 U.S. at 687. Applicant has presented no evidence that counsel's actions were unreasonable and, as previously discussed, Applicant's proposed "heat of passion" defense would not have changed the outcome of the proceedings. For the foregoing reasons, the Court agrees that Applicant's third claim for relief should be dismissed.

Because this Court finds that Applicant is not entitled to any relief requested in his Habeas Application, he is not entitled to an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Anderson v. McKune*, 425 F.3d 853, 858-59 (10th Cir. 2005).

Accordingly, IT IS ORDERED that the June 30, 2009 Recommendation of United States Magistrate Judge Kristen L. Mix (Doc. # 33) is ACCEPTED and, for the reasons cited therein, the Applications for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed on February 21, 2008 (Doc. # 2) and March 5, 2008 (Doc. # 4) are DENIED.

In accordance therewith, it is FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE.

DATED:  January   6  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge